# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAVIER MERAZ-CAMPOS,** | : | CIVIL ACTION NO. 3:24-CV-1661 |
| **Petitioner** | : | (Judge Neary) |
| v. | : | |
| **J. GREENE,** | : | |
| **Respondent** | : | |

## **MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Javier Meraz-Campos, asserts that the United States Bureau of Prisons has wrongfully denied him time credits under the First Step Act ("FSA") because he is subject to a final order of removal from the United States. The petition will be denied.

## I.     **Factual Background & Procedural History**

Meraz-Campos is serving a 97-month sentence of imprisonment imposed by the United States District Court for the District of Arizona for importation of 500 grams or more of methamphetamine and possession with intent to distribute methamphetamine. (Doc. 11-3). He is housed in Allenwood Low Security Correctional Institution ("LSCI-Allenwood").

Meraz-Campos filed the instant case on September 24, 2024, and his petition was received and docketed on September 30, 2024. (Doc. 1). Meraz-Campos asserts that he is being denied FSA time credits because he is subject to a final order of removal from the United States, which he argues is improper because the order of

removal is invalid. (Id.) The case was initially assigned to United States District Judge Malachy E. Mannion.

Respondent responded to the petition on November 29, 2024. (Doc. 11). Respondent argues that the petition should be denied because (1) Meraz-Campos failed to exhaust administrative remedies; (2) he is ineligible for FSA time credits due to being subject to a final order of removal and this court does not have authority to review the propriety of the removal order; (3) he does not qualify for placement in a residential reentry center ("RRC"); and (4) he has no legal entitlement to be transferred to an RRC. (Id.) Meraz-Campos has not filed a reply brief, and the deadline for doing so has expired under the Local Rules. The case was reassigned to the undersigned on January 21, 2025.

## II. Discussion

Meraz-Campos's petition arises from the FSA, which allows eligible inmates who successfully complete "evidence-based recidivism reduction programs" ("EBRRs") or productive activities ("PAs") to receive earned time credits to be applied toward time in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten days of credit for every thirty days of successful participation. Id. Inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of successful participation. Id. A prisoner is ineligible to have FSA time credits applied to his sentence if he "is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E).

2

Meraz-Campos's petition will be denied. It is undisputed that he is subject to an order from United States Immigration and Customs Enforcement ("ICE") that purports to be a final order of removal. (See Doc. 11-8). Meraz-Campos asserts that the order is invalid under the applicable immigration laws, but this court does not have jurisdiction to make such a decision. See 8 U.S.C. § 1252(e)(5) (barring judicial review of "whether the alien is actually inadmissible or entitled to any relief from removal"). Accordingly, because Meraz-Campos is subject to a final order of removal and this court does not have the authority to decide whether the final order of removal is valid, he is ineligible for FSA time credits to be applied to his sentence under 18 U.S.C. § 3632(d)(4)(e) and his petition will be denied.

### III.    Conclusion

The petition for writ of habeas corpus is denied. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    March 12, 2025